## UNITED STATES v. FEEDERS' SUPPLY & MFG. CO.

### No. 13192.

District Court, W. D. Missouri, W. D.

May 9, 1936.

Maurice M. Milligan, U. S. Atty., and Otto Schmid, Asst. U. S. Atty., both of Kansas City, Mo., for plaintiff.

Paul S. Conwell and Charles S. Walden, both of Kansas City, Mo., for defendant.

OTIS, District Judge.

The motion for a new trial in this case was taken under advisement only that consideration might be given to one of the several grounds stated in the motion; alleged error in a part of the court's charge to the jury in a connection presently to be stated.

The information was in two counts, but it is necessary to refer only to one. Count 1 of the information charged the defendant with transporting in interstate commerce sacks of animal food (cottonseed pebble-size cake) each branded as follows: "100 pounds net—guaranteed analysis—protein not less than 43%," etc. It was further charged that the articles of food thus branded were misbranded in that their protein content was not more than 38.56 per cent.

The evidence supported the charge. Possibly there was some evidence which would have supported a finding of fact that the protein content of the food articles referred to was as much as 42 per cent. (without a transcript of the testimony I cannot be definite as to that).

In the charge to the jury, after setting out the several elements of the charge, it was said: "This offense is committed if all of the other elements as I have stated them have been proved, if the actual protein content of the food products referred to in the evidence and in the information fell short of 43% by any fraction of a per cent."

It is of this portion of the charge that the defendant complains, contending it was an erroneous statement of the law.

I am satisfied the charge correctly stated the law.

The statute upon which the information was based is the Food and Drug Act (21, U.S.C.A. § 1 et seq.). The pertinent sections of that act are as follows:

"§ 2. The introduction into any State * * * from any other * * * of any article of food * * * which is * * * misbranded * * * is prohibited. * * *

"§ 9. The term 'misbranded,' as used in sections 1 to 15 * * * shall apply to * * * articles of food * * * the * * * label of which shall bear any statement * * * regarding such article, or the ingredients or substances contained therein which shall be false or misleading in any particular. * * *

"§ 10. For the purposes of sections 1 to 15 * * * an article shall be deemed to be misbranded. * * *

"In the case of food: * * *

"Third. If in package form, the quantity of the contents be not plainly and conspicuously marked on the outside of the package in terms of weight, measure, or numerical count: Provided, however, That reasonable variations shall be permitted, and tolerances and also exemptions as to small packages shall be established by rules and regulations made in accordance with the provisions of section 3 of this title. * * *

"Fourth. If the package containing it or its label shall bear any statement, design, or device regarding the ingredients or the substances contained therein, which statement, design, or device shall be false or misleading in any particular."

■ Now there can be no real doubt that a violation of the Food and Drug Act is established when it is proved that a package containing animal food is branded as: "Guaranteed analysis, protein not less than 43%," if the protein content of the food is less than 43 per cent. Certainly then the label does "bear (a) statement * * * regarding the ingredients or substances contained (in the food) which statement * * * (is) false or misleading in (one) particular."

■ The contention of the defendant is that the statute upon which the information was based permits of some variation from the precise statement made on a label, some "tolerance." If the contention is sound the charge certainly was erroneous (although it would not follow that a motion for a new trial should be granted on that account).

I think the statute permits of no variation from the truth in the label on a package of food, however slight the variation may be. The reasons for this conclusion I state here briefly.

First, the statute makes no express provision for any "reasonable variation" or "tolerance" in connection with the fourth paragraph of section 10, upon which the information in this case was based. The absence of such provision for reasonable variations and tolerance is especially significant that no such variation or tolerance should be allowed in view of the fact that in the paragraph immediately preceding (paragraph 3) section 10 there is an express proviso authorizing reasonable variations and tolerance in statements of weights.

Second, to read into paragraph 4 of section 10 by implication a proviso for reasonable variations and tolerances with no provision of a standard for determining the upper and lower limits of such variations and tolerances is to make the statute vague, indefinite, and unenforceable. No standard is provided by the statute, and no official is authorized by the statute to establish one.

Third, no possible variation downward from such a representation as that with which we are dealing in the label involved here can be reasonable. The representation guarantees that the protein content is "not less than 43%." None can reasonably interpret the phrase "not less" as meaning possibly "only a little less."

No variation from the percentage of protein guaranteed on the label would be reasonable even if the phrase "not less" were not used. When the guarantee is that the protein content is "43%," necessarily it is implied that the protein content is not less than 43 per cent. Certainly that is the idea intended to be conveyed by the writer of the label. It is as if he said upon the label itself in so many words, "I represent that the food stuff in this package contains not a fraction of one per cent less than 43% of protein."

"Forty-three" (unlike "40" or "30" or "20") is an odd number, an exact number, not a round number. One who gives expression to an idea by the use of a number, if he intends only approximation, certainly will not use such a number as "43" or "57" or "79." Use of such numbers indicates an intention of expressing with mathematical exactness the idea to be conveyed. That would be still more apparent if the representation was: "The protein content of the food stuff in this package is 43.3%." None would say that such a representation really means "about 43.3%."

I think the charge to the jury correctly stated the law.

The motion for a new trial should be, and is, overruled.

It is so ordered.